Matter of Kluge v Town of Tonawanda (2019 NY Slip Op 07470)





Matter of Kluge v Town of Tonawanda


2019 NY Slip Op 07470


Decided on October 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 17, 2019

528044

[*1]In the Matter of the Claim of James Kluge, Appellant,
v
Town of Tonawanda et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: September 11, 2019

Before: Egan Jr., J.P., Lynch, Mulvey and Devine, JJ.


Lewis & Lewis, PC, Buffalo (Emily L. Downing of counsel), for appellant.
Hamberger & Weiss, Buffalo (Matthew M. Hoffman of counsel), for Town of Tonawanda and another, respondents.



Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed May 25, 2018, which, among other things, denied claimant's request for a variance.
In 1997, claimant, a police officer, sustained work-related injuries while at the scene of a motor vehicle accident when he slipped on icy pavement and fell to the ground. His subsequent claim for workers' compensation benefits was established for injuries to his lower back and right hip, and he was ultimately classified with a permanent partial disability. In August 2017, claimant's treating physician filed an MG-2 form requesting authorization to treat with medical marihuana the chronic pain that claimant was experiencing from his work-related injuries. The employer's workers' compensation carrier denied the request. Claimant then filed a MG-2R form seeking review of the denial of the variance request. Following a hearing and submission of additional medical evidence from claimant's treating medical provider, a Workers' Compensation Law Judge (hereinafter WCLJ) approved the variance request for causally-related medical marihuana treatment. That decision was reversed upon the Workers' Compensation Board's finding that it could not approve a variance for treatment already rendered. Claimant appeals.
A variance is a treating medical provider's request for authorization of medical care that varies from the Medical Treatment Guidelines, and, generally, the burden of proof to establish that a variance "is appropriate for the claimant and medically necessary shall rest on the [t]reating [m]edical [p]rovider requesting the variance" (12 NYCRR 324.3 [a] [2]; see 12 NYCRR 324.3 [a] [1]; Matter of Kigin v State of N.Y. Workers' Compensation Bd., 24 NY3d 459, 468 [2014]; Matter of Bland v Gellman, Brydges & Schroff, 151 AD3d 1484, 1487 [2017], lv dismissed and denied 30 NY3d 1035 [2017]). Pertinent here, "[a] variance must be requested and granted by the carrier, [the] Special Fund, the Board or order of the [Board] Chair before medical care that varies from the Medical Treatment Guidelines is provided to the claimant and a request for a variance will not be considered if the medical care has already been provided" (12 NYCRR 324.3 [a] [1]; accord Employer: WDF Inc., 2018 WL 1723750, *4, 2018 NY Wrk Comp LEXIS 1573, *9-10 [WCB No. G140 3803, Feb. 16, 2018]). "If the request for a variance was submitted after the medical care was rendered, . . . the insurance carrier or [the] Special Fund may deny the variance request on the basis that it was not requested before the medical care was provided" (12 NYCRR 324.3 [b] [2] [i] [b]; see Employer: SC & BP Services Inc., 2019 WL 1753745, *2, 2019 NY Wrk Comp LEXIS 3902, *5 [WCB No. G185 4897, Apr. 11, 2019]; Employer: Olson Awning Inc., 2019 WL 857807, *5, 2019 NY Wrk Comp LEXIS 1795, *11-12 [WCB No. G073 5680, Feb. 20, 2019]; Employer: National Maintenance Contracting Corp., 2018 WL 6132747, *4, 2018 NY Wrk Comp LEXIS 11623, *11 [WCB No. G134 9481, Nov. 16, 2018]).
Attached to the August 2017 variance request from claimant's treating medical provider was a July 2017 medical report in which the provider summarized claimant's pain management regimen and reviewed the various "beneficial effects of the medical mari[h]uana" that claimant had received. The provider reported, among other things, that claimant's sleep has improved and pain was reduced "since using medical marihuana," that medical marihuana "allowed him to participate more with his wife and children" and that he "[e]motionally feels much improved" as a result of using medical marihuana. The treating medical provider also noted that claimant was experiencing a "[f]inancial burden with continuing an optimal dose of the medical THC."
In our view, the Board properly denied the variance request for medical care but only to the extent such care had already been provided (see 12 NYCRR 324.3 [a] [1]). In an instance such as here, however, where the claimant has a chronic pain condition necessitating ongoing treatment, the Board should have addressed the merits of claimant's variance request for prospective medical marihuana treatment. Accordingly, we remit the matter to the Board for consideration in the first instance of claimant's variance request for prospective treatment (see 10 NYCRR 1004.2 [a] [8] [xi]).
Egan Jr., J.P., Mulvey and Devine, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Worker's Compensation Board for further proceedings not inconsistent with this Court's decision.